Adam P. Segal, Esq.
Nevada Bar. No. 6120
Bryce C. Loveland, Esq.
Nevada Bar No. 10132
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
Telephone:  (702) 382-2101
Facsimile:    (702) 382-8135

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST; TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS JOINT PENSION TRUST; TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS VACATION TRUST; AND TRUSTEES OF THE SOUTHERN NEVADA LABORERS LOCAL 872 TRAINING TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>JR CONCRETE CUTTING, INC., a Nevada corporation; and EDITH RICHELLE HERRERA, an individual,<br><br>Defendants. | Case No. 2:09-cv-01897-RCJ-RJJ<br><br>**MOTION FOR GARNISHEE JUDGMENT AGAINST ROSENDIN ELECTRIC, INC.** |

Pursuant to Rule 69(a) of the Federal Rules of Civil Procedure, a judgment creditor may pursue execution of a judgment in accordance with any procedure or practice of the state in which the district court is sitting. Plaintiffs, Trustees of the Construction Industry and Laborers Health and Welfare Trust, Trustees of the Construction Industry and Laborers Joint Pension Trust, Trustees of the Construction Industry and Laborers Vacation Trust, and Trustees of the Southern

1

Nevada Laborers Local 872 Training Trust (collectively "Trust Funds") apply pursuant to Nevada Revised Statute § 31.320(1) for a judgment of $62,367.93 against third party garnishee Rosendin Electric, Inc., a California corporation registered to do business in Nevada ("Rosendin") and in favor of JR Concrete Cutting, Inc., a Nevada corporation and Edith Richelle Herrera, an individual ("JR") for use by the Trust Funds. This application is supported by the pleadings on file in this case, the points and authorities that follow, and the exhibits hereto.

Dated: July 16, 2012.                BROWNSTEIN HYATT FARBER SCHRECK, LLP

/s/ Adam Segal
Adam P. Segal, Esq.
Nevada Bar No. 6120
Bryce C. Loveland, Esq.
Nevada Bar No. 10132
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
Off: (702) 382-2101
Fax: (702) 382-8135
Attorneys for Plaintiffs

## POINTS AND AUTHORITIES

On January 6, 2010, the Court entered a judgment in favor of the Trust Funds and against JR for $87,917. Ex. 1 (ECF No. 5). On March 1, 2011, the Court Clerk issued a writ of execution, setting forth $56,750 as the amount remaining due. Ex. 2 (ECF No. 14), at 2. On May 15, 2012, the Trust Funds provided to the U.S. Marshal various copies of the writ of execution, a writ of garnishment for service, garnishee payment, and various other items and requested that the writ of garnishment be served on Rosendin. Ex. 3.

Rosendin is a foreign corporation whose resident agent for service of process in Nevada is the Corporation Trust Company of Nevada. Ex. 4. The U.S. Marshal served the writ of garnishment and related documents on Rosendin's resident agent on May 31, 2012, tendering the required garnishee payment. Ex. 5 (EFC No. 27). The U.S. Marshal and the Deputy Clerk both

signed the service receipt, certifying that the documents were served and the garnishee fee tendered. *Id.* Rosendin did not respond.

Rosendin, as garnishee, failed to respond to the Trust Funds' garnishment, and therefore the Trust Funds are entitled to a judgment for the amount garnished. Nevada Revised Statute 31.320(1) states:

> 1. If the garnishee has been duly served with the writ of garnishment and interrogatories, and been paid or tendered the fee of $5, and the fact of the payment or tender is duly certified by the officer who served the writ over the officer's official signature, or that fact is made to appear by the person serving the writ under oath, but the garnishee fails, neglects or refuses to answer the interrogatories within the time required, the court shall, upon application therefore by the plaintiff with at least 5 days' notice of the hearing upon the application given to each defendant who has appeared in the action, enter judgment in favor of the defendant for the use of the plaintiff against the garnishee for:
>
>    (a) The value of the property or amount of money specified in the writ of garnishment; or
>
>    (b) If the garnishment is pursuant to NRS 31.291, the amount of the lien created pursuant to that section.

The Trust Funds have a judgment and, on information and belief, the garnishee Rosendin is indebted to JR. The U.S. Marshal duly served the garnishment documents on the garnishee. (ECF No. 27.) The Marshal's due service gives this Court jurisdiction of the garnishee. *See* NRS 31.280; Fed. R. Civ. P. 69. Rosendin was required to respond to the garnishment within twenty days or June 20, 2012. NRS 31.260. Rosendin has not responded to the writ as of today's date.

///

///

///

///

3

Therefore, Nevada Revised Statute 31.320 requires entry of judgment for the amount garnished, and the Trust Funds request that the Court enter such judgment against Rosendin and in favor of JR for use by the Trust Funds, in the amount of $56,750.

Dated: July 16, 2012.   BROWNSTEIN HYATT FARBER SCHRECK, LLP

/s/ Adam Segal
Adam P. Segal, Esq.
Nevada Bar No. 6120
Bryce C. Loveland, Esq.
Nevada Bar No. 10132
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
Off: (702) 382-2101
Fax: (702) 382-8135
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b), I certify that I am an employee of Brownstein Hyatt Farber Schreck, LLP and that on this 16th day of July, 2012, I served a true copy of the foregoing **MOTION FOR GARNISHEE JUDGMENT AGAINST ROSENDIN ELECTRIC, INC.** upon:

   NO PARTIES ENTERED

☒   a.   **BY CM/ECF System**

                              /s/ Ebony Davis
                              An Employee of Brownstein Hyatt Farber Schreck, LLP

5