# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST; TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS JOINT PENSION TRUST; TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS VACATION TRUST; AND TRUSTEES OF THE SOUTHERN NEVADA LABORERS LOCAL 872 TRAINING TRUST, | ) ) ) ) ) ) ) ) ) ) ) | 2:09-cv-01897-RCJ-RJJ<br><br>**ORDER** |
| Plaintiff, | | |
| vs. | | |
| JR CONCRETE CUTTING, INC., a Nevada corporation; and EDITH RICHELLE HERRERA, an individual, | ) ) ) | |
| Defendants. | | |

Before the Court is a motion for garnishee judgment by Plaintiffs against an alleged third party debtor to the Defendant. This motion arises out of a judgment against Defendants, JR Concrete Cutting Inc., and Edith Richelle Herrera (collectively "JR Concrete"), for monies owed to Plaintiffs, Trustees of the Construction Industry and Laborers Health and Welfare Trust, et al. (Mot. Garnishee J. 2:17–22, July 16, 2012, ECF No. 28). Wherein, Plaintiffs served a writ of

1  garnishment upon Rosendin Electric Inc., ("Rosendin"), an alleged third party debtor to JR

2  Concrete, and now moves this Court for judgment against Rosendin for failure to respond to the

3  interrogatories attached to the writ. (*Id.* at 2:23–3:2).

4  Plaintiffs failed to apply to this Court for an order directing the issuance of a writ of

5  garnishment as required under Nevada statute, "No writ of garnishment in aid of attachment may

6  issue except on order of the court . . . ." Nev. Rev. Stat. § 31.249(1) (2012). Plaintiffs must

7  apply to the court for its order to issue a writ following statutory procedures.

> "The plaintiffs application to the court for an order directing the issuance of a writ of garnishment must be by affidavit made by or on behalf of the plaintiff to the effect that the affiant is informed and believes that the named garnishee: . . . [i]s indebted to or has property in the garnishee's possession . . . ."

*See id.* at § 31.249(2).

Plaintiffs' failure to follow procedures to issue a writ of garnishment invalidates the writ and renders the oral argument scheduled (ECF No. 29) on September 17, 2012 moot.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Garnishee Judgment (ECF No. 28) is DENIED. It is further ordered that oral argument scheduled for September 17, 2012 is VACATED.

IT IS SO ORDERED.

Dated this 10th day of September, 2012.

_____
ROBERT C. JONES
United States District Judge