Adam P. Segal, Esq.
Nevada Bar No. 6120
Bryce C. Loveland, Esq.
Nevada Bar No. 10132
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
Telephone:  (702) 382-2101
Facsimile:   (702) 382-8135

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST; TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS JOINT PENSION TRUST; TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS VACATION TRUST; AND TRUSTEES OF THE SOUTHERN NEVADA LABORERS LOCAL 872 TRAINING TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>JR CONCRETE CUTTING, INC., a Nevada corporation; and EDITH RICHELLE HERRERA, an individual,<br><br>Defendants. | Case No. 2:09-cv-01897-RCJ-RJJ<br><br>**REQUEST FOR RECONSIDERATION OF PLAINTIFFS' MOTION FOR GARNISHEE JUDGMENT AGAINST ROSENDIN ELECTRIC, INC.** |

Plaintiffs, Trustees of the Construction Industry and Laborers Health and Welfare Trust, Trustees of the Construction Industry and Laborers Joint Pension Trust, Trustees of the Construction Industry and Laborers Vacation Trust, and Trustees of the Southern Nevada Laborers Local 872 Training Trust (collectively "Trust Funds") respectfully request that the Court reconsider its Order dated September 12, 2012, denying Plaintiffs' Motion for Garnishee Judgment (ECF No. 28) against Rosendin Electric, Inc., a California corporation registered to do

business in Nevada ("Rosendin") and in favor of JR Concrete Cutting, Inc. a Nevada corporation and Edith Richelle Herrera, an individual ("JR") for use by the Trust Funds. The Trust Funds followed proper procedure for obtaining a writ of *execution after a plaintiff has a judgment* in place. As illustrated below, the *attachment* rules cited by the Court are not at issue in this case, where the Trust Funds already have a judgment.

**A.     The Trust Funds' obtained a proper writ of execution after entry of judgment against JR.**

On January 6, 2010, JR confessed judgment in favor of the Trust Funds in the amount of $87,917. (ECF No. 5.) The Court Clerk issued a routine postjudgment writ of execution on March 1, 2011, setting forth $56,750 as the amount remaining due. (ECF No. 14.) The Trust Funds were not required to apply to the Court for the writ of execution, pursuant to Nevada Revised Statute 31.450, which states such a writ may be issued "without application to the court."

The Trust Funds provided to the U.S. Marshall various copies of the writ of execution, writ of garnishment for service, garnishee payment, and various other items for service upon Rosendin, and the Marshall served such items upon Rosendin's agent on May 31, 2012 . (ECF No. 28-1, at 10-37).

**B.     Rosendin failed to respond to the writ of garnishment, subjecting it to immediate entry of a garnishee judgment.**

Rosendin, as garnishee, failed to respond to the Trust Funds' garnishment, and therefore the Trust Funds are entitled to a judgment for the amount garnished. Nevada Revised Statute § 31.320(1) states:

> 1.     If the garnishee has been duly served with the writ of garnishment and interrogatories, and been paid or tendered the fee of $5, and the fact of the payment or tender is duly certified by the officer who served the writ over the officer's official signature, or that fact is made to appear by the person serving the writ under oath, but the garnishee fails, neglects or refuses to answer the interrogatories within the time required, the court shall, upon application therefore by the plaintiff with at least 5 days' notice of the hearing upon the application given to each defendant who has appeared in the action, enter judgment in favor of the defendant for the use of the plaintiff against the garnishee for:

(a) The value of the property or amount of money specified in the writ of garnishment; or

(b) If the garnishment is pursuant to NRS 31.291, the amount of the lien created pursuant to that section.

In addition to failing to respond to the Writ of Garnishment, Rosendin failed to respond to the Motion for Garnishee Judgment. Thus, the Court should enter a Garnishee Judgment against Rosendin as requested in the Trust Funds' Motion.

**C.   The Trust Funds have never sought, and are not seeking now, a prejudgment writ of garnishment *in aid of attachment*.**

In denying the Trust Funds' Motion for Garnishee Judgment, the Court relied on procedures applicable to prejudgment writs of attachment in error. Specifically, in its September 12, 2012, Order denying the Trust Funds' Motion for Garnishee Judgment (ECF No. 30), the Court cites Nevada Revised Statute 31.249(1) (2012), which states that "No writ of garnishment *in aid of attachment* may issue except on order of the court . . . ." (Emphasis added.) That section must be read in context of its companion statute, Nevada Revised Statute 31.240, and pertains to situations where a plaintiff does not yet have a judgment in place. The Trust Funds are not seeking aid of attachment. The purpose of such a provisional writ of attachment governed by Nevada Revised Statutes 31.240 and 249 is to seize property so that there will be property from which the plaintiff may recover to satisfy *a potential judgment if the plaintiff ultimately prevails*. *See* NRS 31.240 (pertaining to property of the defendant or any third person "to be attached as security for any judgment the plaintiff *may recover* in the action against the defendant" (emphasis added).

The Trust Funds request that the Court instead consider Nevada Revised Statute 31.450, which governs the issuance of writs of attachment *after* judgment. That section explains, in pertinent part, that

> Any person *having a judgment remaining unsatisfied* in any court of record in the State, upon which execution has been issued and delivered, and which remains in the hands of the proper officer uncollected and unsatisfied, may, *without application to the court*, have a writ of garnishment issued, and thereupon attach the credits, effects, debts, choses in action and other personal property of the judgment debtor in the possession or under the control of any third person as

garnishee, for the security of such judgment . . . and all courts shall be liberal in allowing amendments, and in construing this chapter so as to promote the objects thereof.

Pursuant to Nevada Revised Statute 31.450, no application to the court is necessary prior to having a writ of garnishment issued if a judgment already exists.

The Trust Funds did not seek a prejudgment writ of attachment against Rosendin. The Trust Funds writ of garnishment is based on an existing judgment and thus no application to or an order from the Court was required. A garnishee judgment is not a prejudgment writ of attachment and the procedures for prejudgment writ of attachment do not apply in situations such as this one when a judgment is already in place.

For the foregoing reasons, the Trust Funds respectfully request that the Court reconsider its denial of the Trust Funds' Motion for Garnishee Judgment against Rosendin and in favor of JR. As Rosendin failed to respond to the Motion for Garnishee Judgment against it, no oral argument is necessary, and the Court should enter a Garnishee Judgment against Rosendin as requested in the Trust Funds Motion (ECF No. 28).

Dated: September 21, 2012.

BROWNSTEIN HYATT FARBER SCHRECK, LLP

/s/ Adam Segal
Adam P. Segal, Esq.
Nevada Bar No. 6120
Bryce C. Loveland, Esq.
Nevada Bar No. 10132
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
Off: (702) 382-2101
Fax: (702) 382-8135
Attorneys for Plaintiffs

020052\0235\1731241.2

4

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b), I certify that I am an employee of Brownstein Hyatt Farber Schreck, LLP and that on this 21st day of September, 2012, I served a true copy of the foregoing **REQUEST FOR RECONSIDERATION OF PLAINTIFFS' MOTION FOR GARNISHEE JUDGMENT AGAINST ROSENDIN ELECTRIC, INC.** upon:

> Rosendin Electric, Inc.
> 311 S. Division Street
> Carson City, Nevada 89703

☒ a. **BY U.S. MAIL.** I deposited such envelope in the mail at Las Vegas, Nevada.

☒ b. **BY CM/ECF SYSTEM**

NO PARTIES ENTERED

**I declare under penalty of perjury that the foregoing is true and correct.**

/s/ Ebony Davis
An employee of Brownstein Hyatt Farber Schreck, LLP

020052\0235\1731241.2

5