UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST; TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS JOINT PENSION TRUST; TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS VACATION TRUST; AND TRUSTEES OF THE SOUTHERN NEVADA LABORERS LOCAL 872 TRAINING TRUST, <br><br> Plaintiff, <br><br> vs. <br><br> JR CONCRETE CUTTING, INC., a Nevada corporation; and EDITH RICHELLE HERRERA, an individual, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 2:09-cv-01897-RCJ-RJJ <br><br> **ORDER** |

Before the Court is a Request for Reconsideration of Plaintiff's Motion for Garnishee Judgment Against Rosendin Electric, Inc. Upon reconsideration and for the reasons stated herein, the Court vacates its previous Order (Order ECF No. 30) and grants in part and denies in part Plaintiffs' Request for Reconsideration of Motion for Garnishee Judgment.

**BACKGROUND**

This cases arises out of a judgment against Defendants, JR Concrete Cutting Inc., and Edith Richelle Herrera (collectively "JR Concrete"), for monies owed to Plaintiffs, Trustees of the Construction Industry and Laborers Health and Welfare Trust, et al. (Collectively "Trust Funds"). (Mot. Garnishee J. 2:17–22, July 16, 2012, ECF No. 28). Wherein, Plaintiffs, post judgment, served a writ of garnishment upon Rosendin Electric Inc., ("Rosendin"), an alleged third party debtor to JR Concrete. (*Id.* at 2:23–3:2). The Court denied Plaintiffs' motion because Plaintiffs failed to apply to this Court for an order directing the issuance of a writ of garnishment as required under Nevada statute, "No writ of garnishment in aid of attachment may issue except on order of the court . . . ." Nev. Rev. Stat. § 31.249(1) (2012). Plaintiffs must *apply* to the court for its order to issue a writ following statutory procedures.

> "The plaintiffs application to the court for an order directing the issuance of a writ of garnishment must be by affidavit made by or on behalf of the plaintiff to the effect that the affiant is informed and believes that the named garnishee: . . . [i]s indebted to or has property in the garnishee's possession . . . "

*See id.* at § 31.249(2).         Because Plaintiffs did not apply by affidavit for an order to issue, and instead, simply directed the Clerk of the Court to issue the writ, thereby bypassing the judgment of the Court as required per statute, the Court denied Plaintiffs' Motion for Garnishee Judgment due to procedural deficiencies. (Order ECF No. 30). Plaintiffs now request that the Court reconsider its order, arguing they followed proper statutory procedure, and were not required to apply to the Court since they were obtaining a post judgement writ of garnishment. (Req. Recon. Ps' Mot. Garn. J., ECF No. 31).

**LEGAL STANDARD**

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp.2d 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the *initial decision was manifestly unjust, or (3) if there is*

*an intervening change in controlling law." Sch. Dist. No. 1J v. Acands, Inc.*, 5F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." Brown v. Kinross Gold, U.S.A., 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

**A. Relief from a Judgment or Order**

Federal Rules of Civil Procedure Rule 60(a) stipulates "the court may correct . . . a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own accord."

**B. Provisional and final Remedies**

Federal Rules of Civil Procedure Rule 64 governs regarding the seizing of property. Rule 64(a) states at the commencement of and throughout an action, every remedy is available that is provided for under state law. Fed. R. Civ. P. 64(a). Rule 69 governs for executions of money judgments and provides that a judgment creditor may pursue execution of a judgment in accordance with any procedures of state law in which the district court is located. Fed. R. Civ. P. 69(a)(1).

**DISCUSSION**

**A. Statutory Procedure for Writ of Garnishment**

Plaintiffs assert they followed Nevada statutory procedures when they issued the writ of garnishment to Rosendin, and that the Court mistakenly relied upon a statute not applicable to post judgment procedures. (Req. Rec. P.s' Mot. Garn. J., ECF No. 31). In support, Plaintiff cites to Nevada Revised. Statute § 31.450, which reads:

> Any Person having a judgment remaining unsatisfied in any court of record in the state, upon which execution has been issued and delivered, and which remains in the hands of the proper officer uncollected and unsatisfied, may, *without application to the court*, have a writ of garnishment issued, and thereupon attach the credits, effects, debts, and choses in action under the control of any third person as garnishee, for the security of such judgment . . . and all courts shall be liberal in allowing amendments, and construing this chapter so as to promote the objects thereof.

Nev. Rev. Stat. § 31.450 (Emphasis added).

Plaintiffs argue that the Court relied on procedures applicable to prejudgment writs of attachment in error. (Req. Recon. P.s' Mot. Garn. J. 3, ECF No. 31). Plaintiffs direct the Court to the phrase "No writ of garnishment *in aid of attachment* may issue except on the order of the court . . . ." Nev. Rev. Stat. §31.249 (Emphasis added). They propose that this statute "must be read in context of its companion statute, Nevada Revised Statute § 31.240, and pertains to situations where a plaintiff does not yet have a judgment in place." (Req. Recon. P.s' Mot. Garn. J. 3, ECF No. 31). Nevada Revised Statute § 31.240 states:

> At the time of the order directing a writ of attachment to issue or at any time thereafter, the court may order that a writ of garnishment issue, and thereupon cause the money, credits, effects, choses in action, and other person to be attached as security for any judgment the plaintiff *may recover* in the action against the defendant.

Nev. Rev. Stat. § 31.240 (Emphasis added).

Though writs of attachment may issue pre and post judgment, the last phrase of the statute, stating " . . . any judgment the plaintiff *may recover . . . ,*" suggests the meaning herein pertains to prejudgment pendency of the suit. There is little to no case law regarding procedures for obtaining a writ of garnishment. The only case on point referring to the procedural requirements in obtaining a writ of garnishment simply affirms that it is necessary to follow the statutory procedures. *See In re Twin Lakes Village, Inc.*, 2 B.R. 532 (Bankr. D. Nev. 1980).

Though the Court finds the language is vague as to whether Nevada Revised Statute § 31.249 is specifically pertaining to prejudgment writs of garnishment, the fact Nevada Revised Statute § 31.450 exists, which specifically and clearly identifies the procedure for writs of garnishment in aid of post judgment remedy, evidences Nevada Revised Statute § 31.249 must necessarily be pertaining to prejudgment conditions.

For the reasons stated herein, the Court finds it made an error in its oversight of the

applicable statute in its previous Order, ECF No. 30, denying Plaintiffs' Motion for Garnishee Judgment and vacates the same.

**B. Motion for Garnishee Judgment**

On January 6, 2010, the Court entered a judgment in favor of the Trust Funds and against JR Concrete for $87,917. (ECF No. 5). On March 1, 2011, the Clerk of the Court issued a writ of execution, setting forth $56,750 as the amount remaining due. (ECF No. 14). On May 15, 2012, the Trust Funds provided to the U.S. Marshal the required documents issued from the Court to serve a writ of garnishment upon Rosendin, a foreign corporation. The U.S. Marshal served the writ of garnishment, related documents, and the required garnishee payment on Rosendin's resident agent on May 31, 2012. Rosendin failed to respond to the Trust Funds' garnishment interrogatories within twenty days as required by statute. Trust Funds now moves the Court for garnishee judgment against Rosendin for the full amount garnished, $56,750, as provided by statute.

Nevada Revised Statute 31.320 states:

> 1. If the garnishee has been duly served with the writ of garnishment and interrogatories, and been paid or tendered the fee of $5, and the fact of the payment or tender is duly certified by the officer who served the writ over the officer's official signature, or that fact is made to appear by the person serving the writ under oath, but the garnishee fails, neglects or refuses to answer the interrogatories within the time required, the court shall, upon application therefore by the plaintiff with 5 days' notice of the hearing upon the application given to each defendant who has appeared in the action, enter judgment in favor of the defendant for the use of the plaintiff against the garnishee for:
> (a) The value of the property or amount of money specified in the writ of garnishment; or
> (b) If the garnishment is pursuant to NRS 31.291, the amount of the lien created pursuant to that section.

Nev. Rev. Stat. § 31.320

The statute states, though not very succinctly, that the Court shall provide notice and hold a hearing upon the matter of garnishee judgment. ". . . [T]he court shall, upon application therefore by the plaintiff with 5 days' notice of the *hearing* upon

the application given to each defendant who has appeared in the action . . . ." (*Id.*) (Emphasis added). The garnishee must be provided with notice of the hearing, as well. Therefore, the Court will suspend judgment until parties have been heard pursuant to the statute.

**CONCLUSION**

IT IS HEREBY ORDERED that the Request for Reconsideration of Plaintiffs' Motion for Garnishee Judgment Against Rosendin Electric Inc. (ECF No. 31) is GRANTED and Order ( ECF No. 30) is VACATED.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Garnishee Judgment Against Rosendin Electric Inc. is DENIED, until a hearing on the matter is noticed and heard pursuant to Nevada Revised Statute § 31.320.

IT IS SO ORDERED.

Dated this 2nd day of January, 2013.

_____
ROBERT C. JONES
United States District Judge