GEORLEN K. SPANGLER, ESQ.
Nevada Bar No. 003818
MATTHEW T. DUSHOFF, ESQ.
Nevada Bar No. 004975
**KOLESAR & LEATHAM**
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Telephone: (702) 362-7800
Facsimile: (702) 362-9472
E-Mail:  gspangler@klnevada.com
         mdushoff@klnevada.com

Attorneys for Third-Party Garnishee
ROSENDIN ELECTRIC, INC.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST; TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS JOINT PENSION TRUST; TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS VACATION TRUST; AND TRUSTEES OF THE SOUTHERN NEVADA LABORERS LOCAL 872 TRAINING TRUST, <br><br> Plaintiffs, <br><br> vs. <br><br> JR CONCRETE CUTTING, INC., a Nevada corporation; and EDITH RICHELLE HERRERA, an individual, <br><br> Defendants. | CASE NO. 2:09-cv-01897-RDJ-RJJ <br><br> **THIRD-PARTY GARNISHEE ROSENDIN ELECTRIC, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR GARNISHEE JUDGMENT AGAINST ROSENDIN ELECTRIC, INC.** <br><br> DATE: June 19, 2013 <br> TIME: 1:30 p.m. |

NOW COMES the Third-Party Garnishee, ROSENDIN ELECTRIC, INC. (hereinafter "Rosendin Electric"), by and through its counsel of record, Georlen K. Spangler, Esq. and Matthew T. Dushoff, Esq. of Kolesar & Leatham, Esq. and files its Plaintiffs' Motion for Garnishee Judgment Against Rosendin Electric, Inc. [Dkt. 28].

This Opposition is based on the pleadings and papers on file herein, the following Memorandum of Points and Authorities, and accompanying exhibits, and such other and further

evidence and argument as this Court may receive upon a hearing of this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

**A.    The Writ of Garnishment Is Fatally Defective**

On May 31, 2012, the US Marshall served a Writ of Garnishment and Garnishment Interrogatories, and related documents, upon the Resident Agent for Rosedin Electric, Inc. [Dkt. 27; Ex. 5 to Motion]. Rosedin Electric failed to respond to the Garnishment Interrogatories and, as a result, the Plaintiff seeks entry of a Default Judgment against Rosedin Electric in the amount of $56,750.00.

The Writ of Garnishment it is governed by NRS 31.260, which states that the writ <u>must</u> contain specific information. The use of the word "must" is significant because, as recognized by the United States Supreme Court, "must" is "unmistakably mandatory in character." *Hewitt v. Helms*, 459 U.S. 460, 471 (1983); *see also Maison v. Sumner*, 630 F. Supp. 595 (D. Nev. 1986) aff'd, 810 F.2d 205 (9th Cir. 1987)(recognizing "must" means mandatory).

Specifically, NRS 31.260(2) states:

> The writ of garnishment **must** also notify the garnishee defendant that, if the garnishee defendant fails to answer the interrogatories, a judgment by default **will** be rendered against the garnishee defendant for:
>
> (a) The amount demanded in the writ of garnishment or the value of the property described in the writ, as the case may be; or
> (b) If the garnishment is pursuant to NRS 31.291, the amount of the lien created pursuant to that section
>
> Which amount or property must be clearly set forth in the writ of garnishment. [emphasis added]

The Writ of Garnishment served on Rosedin Electric is completely void of the language mandated by NRS 31.260(2). Instead, the Writ merely states: "In case of your failure to answer the interrogatories, **a judgment by default in the amount demanded may be entered against you.**" [emphasis original].

By failing to advise Rosedin Electric of the full consequences of a failure to respond – a judgment in the amount sought - - and by stating that a default judgment "may" be entered against you, as opposed to "shall" be entered against you – the Writ is not only defective, it is misleading. The failure to properly put Rosedin Electric on notice is especially egregious in this

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

instance where, as stated in the Declaration of Steve Braverman attached hereto, <u>there was no debt owing to JR Concrete at the time the Writ was served</u>. See: Braverman Declaration attached hereto as Exhibit 1.[1] In other words, a fair reading of the Writ of Garnishment, at most, put Rosedin Electric on notice that a default judgment may – but not "shall" -- be entered against it for the "personal property, money, credits, debts, effects and choses in action of said Defendants" which it had in its possession – which, in this instance were none. <u>Nowhere in the Writ of Garnishment does it advise Rosedin Electric, as mandated by the statute, that failure to respond would subject it to a default judgment in the amount of $56,750.00</u>.[2]

**B. <u>Penalty Statutes are Strictly Construed</u>**

Statutes imposing penalties – such as the "default provisions" in NRS 31.320(1) for a garnishee's failure to answer garnishment interrogatories-- are strictly construed. *United States v Markowitz Bros. (Delaware), Inc.* 383 F.2d 595, 598 (9th Cir. 2003). The fact that strict compliance is required was recognized by this Court in *Henry v. Rizzolo*, 2012 WL 4867725 (D. Nev. October 12, 2012) in which Judge Foley held that the garnishee defendant was not required to pay over monies in its possession until plaintiff complied with the provisions of Chapter 31 of the Nevada Revised Statutes. In the present case, the Writ of Garnishment served on Rosedin Electric fails to comply with NRS 31.260, which compliance is a precondition to the entry of a default judgment against a garnishee such as Rosedin Electric.

Because the Writ of Garnishment is fatally defective, it cannot be used as the basis for entry of a Default Judgment against Rosedin Electric.

/ / /

/ / /

/ / /

/ / /

---

[1] As also set forth in Mr. Braverman's Declaration, Rosedin Electric had been cutting joint checks to the Plaintiff and JR Concrete from 11/13/09 through 11/2/10 resulting in payments to the Laborers Joint Trust Fund of $91,148.89.

[2] The Writ of Garnishment also fails to advise Rosedin Electric upon whom it is required to serve its answer to the Garnishment Interrogatories as mandated by NRS 31.260(1)(e) [submit the answers to the sheriff] and NRS 31.290(2) [submit the answers to the sheriff and the judgment debtor].

WHEREFORE, Rosedin Electric prays that the Motion for Garnishee Judgment be DENIED.

DATED this 12th day of June, 2013.

**KOLESAR & LEATHAM**

By /s/ Georlen K. Spangler
GEORLEN K. SPANGLER, ESQ.
Nevada Bar No. 003818
MATTHEW T. DUSHOFF, ESQ.
Nevada Bar No. 004975
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145

Attorneys for
ROSENDIN ELECTRIC, INC.

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Kolesar & Leatham, and that on the ___ day of June, 2013, I caused to be served a true and correct copy of foregoing **THIRD-PARTY GARNISHEE ROSENDIN ELECTRIC, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR GARNISHEE JUDGMENT AGAINST ROSENDIN ELECTRIC, INC.** in the following manner:

(UNITED STATES MAIL) By depositing a copy of the above-referenced document for mailing in the United States Mail, first-class postage prepaid, at Las Vegas, Nevada, to the parties listed below at their last-known mailing addresses, on the date above written:

(ELECTRONIC SERVICE) Pursuant to Rule 5(D) of the Nevada Rules of Civil Procedure, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

Aaron B. Fricke   edavis@bhfs.com, lmaile@bhfs.com

Adam P. Segal   asegal@bhfs.com, chumes@bhfs.com, cneely@bhfs.com, edavis@bhfs.com, jcasper@bhfs.com, let@bhfs.com, rcurtis@bhfs.com

Andrew S. Brignone   let@bhfs.com, edavis@bhfs.com, jcasper@bhfs.com, jjeskey@bhfs.com, kfarney@bhfs.com, lmaile@bhfs.com, xhardman@bhfs.com

Bryce C. Loveland   bcloveland@bhfs.com, cneely@bhfs.com, edavis@bhfs.com

/s/ *Kristina R. Cole*
An Employee of KOLESAR & LEATHAM