Adam P. Segal, Esq.
Nevada Bar No. 6120
Bryce C. Loveland, Esq.
Nevada Bar No. 10132
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
Telephone:  (702) 382-2101
Facsimile:    (702) 382-8135

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST; TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS JOINT PENSION TRUST; TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS VACATION TRUST; AND TRUSTEES OF THE SOUTHERN NEVADA LABORERS LOCAL 872 TRAINING TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>JR CONCRETE CUTTING, INC., a Nevada corporation; and EDITH RICHELLE HERRERA, an individual,<br><br>Defendants. | Case No. 2:09-cv-01897-RCJ-RJJ<br><br><br>**REPLY IN SUPPORT OF MOTION FOR GARNISHEE JUDGMENT AGAINST ROSENDIN ELECTRIC, INC.** |

Plaintiffs, Trustees of the Construction Industry and Laborers Health and Welfare Trust, Trustees of the Construction Industry and Laborers Joint Pension Trust, Trustees of the Construction Industry and Laborers Vacation Trust, and Trustees of the Southern Nevada Laborers Local 872 Training Trust (collectively "Trust Funds") hereby submit this Reply in Support of the Trust Funds' Motion for Garnishee Judgment (ECF No. 28) against Rosendin

BROWNSTEIN HYATT FARBER SCHRECK
100 City Parkway, Suite 1600
Las Vegas, Nevada 89106
(702) 382-2101

Electric, Inc., ("Rosendin") and in favor of JR Concrete Cutting, Inc. ("JR") and Edith Richelle

Herrera, an individual ("Herrerra") (collectively "JR Defendants") for use by the Trust Funds.

### Introduction.

This Reply is necessary because Rosendin filed a Response to the Trust Funds' Motion, objecting to the form of the original Writ of Garnishment, nearly 11 months after the Trust Funds' filed the Motion for Garnishee Judgment on July 16, 2013 (ECF No. 28) and over one year after the Trust Funds had the Writ of Garnishment served on Rosendin on May 31, 2012. (*See* ECF No. 27 (Affidavit of Service)). Rosendin does not deny that the Trust Funds properly served the Writ of Garnishment. Further, Rosendin does not explain why it chose to ignore the Writ of Garnishment. Rather, now faced with the statutory consequences that a garnishee judgment must be entered against it for its failure to timely respond, Rosendin seeks to escape its liability based on the Trust Funds' use of the word "may" versus "will" in the Writ of Garnishment and other technicalities.

### I.      Rosendin ignored the Writ of Garnishment.

The Trust Funds served the Writ of Garnishment on Rosendin on May 31, 2012, as demonstrated by the Affidavit of Service. (ECF No. 27) simultaneously served with the Writ of Garnishment on Rosendin was a the Writ of Execution, filed copies of the Affidavit and Request for Issuance of the Writ of Execution, an Amended Consent Judgment against the JR Defendants (Case No. 2:09-cv-01898-RDJ-RJJ), and a check to Rosendin for $5 required by NRS 31.270. (*See* ECF No. 28-1 (Trust Funds' counsel's instruction letter to the U.S. Marshals Service dated May 15, 2012), and documents/items to be served), Ex. 3 thereto; ECF No. 27 (Affidavit of Service dated May 31, 2012. Rosendin does not dispute that it was properly served with the Writ of Garnishment or provided with the required $5 writ fee.[1] Nevertheless, Rosendin failed or refused to respond. As set forth by NRS 31.320(1):

> 1.      If the garnishee has been duly served with the writ of garnishment
> and interrogatories, and been paid or tendered the fee of $5, and

---

[1]      The Affidavit of Service indicates service of the $5 fee paid by check no. 42001.(See ECF No. 27).

BROWNSTEIN HYATT FARBER SCHRECK
100 City Parkway, Suite 1600
Las Vegas, Nevada 89106
(702) 382-2101

BROWNSTEIN HYATT FARBER SCHRECK
100 City Parkway, Suite 1600
Las Vegas, Nevada 89106
(702) 382-2101

the fact of the payment or tender is duly certified by the officer who served the writ over the officer's official signature, or that fact is made to appear by the person serving the writ under oath, but the garnishee fails, neglects or refuses to answer the interrogatories within the time required, the court shall, upon application therefore by the plaintiff with at least 5 days' notice of the hearing upon the application given to each defendant who has appeared in the action,[2] enter judgment in favor of the defendant for the use of the plaintiff against the garnishee for:

> (a) The value of the property or amount of money specified in the writ of garnishment; or

> (b) If the garnishment is pursuant to NRS 31.291, the amount of the lien created pursuant to that section.

The Marshal's due service gives this Court jurisdiction of the garnishee Rosendin. *See* NRS 31.280; Fed. R. Civ. P. 69. Rosendin was required to respond to the garnishment within twenty days or June 20, 2012. NRS 31.260(1)(e); *see also*, *Frank Settelmeyer & Sons, Inc. v. Smith & Harmer, Ltd.*, 197 P.3d 1051, 1056 (Nev. 2008) ("When a writ of garnishment is served, the garnishee defendant then has 20 days to answer statutorily specified interrogatories"). If a properly served garnishee such as Rosendin fails to answer the interrogatories in the time allowed, "the court *must* enter judgment for 'in favor of the defendant for the use of the plaintiff against the garnishee.'" *Frank Settelmeyer & Sons*, 197 P.3d at 1056 (emphasis added); NRS 31.260. Rosendin never answered the interrogatories or responded in any way. It did not object, raise any issues of technicalities, or affirm or deny whether it had assets of the JR Defendants.

Had Rosendin responded, the matter would have proceeded in one of two ways. If a garnishee defendant admits it has defendant's property, the court may enter a judgment in the defendant's favor, however, if the garnishment is contested, the matter is tried and judgment rendered in a manner similar to civil cases. *Frank Settelmeyer & Sons*, 197 P.3d at 1056. These latter two options are not available to Rosendin because it never responded. Rosendin never sought its day in court and never afforded the Trust Funds an opportunity to challenge Rosendin's

---

[2]   NRS 31.320 requires service on every defendant who has appeared, but no defendant has appeared in this action.

BROWNSTEIN HYATT FARBER SCHRECK
100 City Parkway, Suite 1600
Las Vegas, Nevada 89106
(702) 382-2101

1  assertions, correct any alleged deficiency in the Writ of Garnishment, or to subsequently reissue a

2  new Writ of Garnishment. Rosendin did not even return the writ fee of $5 served on Rosendin

3  with the Writ of Garnishment required by NRS 31.270(2).

4  Rosendin makes no excuse and offers no explanation for its failure to respond to the

5  interrogatories within 20 days of service, or ever. Rosendin either made a conscious decision to

6  ignore the Writ of Garnishment or negligently failed to respond to it. In either case, the results

7  required by the statute are clear and the Court must enter a judgment in favor of the JR

8  Defendants for use of the Trust Funds against Rosendin.[3] Nevada law does not prescribe any

9  other result.

10  **II.    Rosendin cannot escape consequences on technicalities.**

11  Rosendin seeks an alternate outcome to these proceedings that is contrary to statute and

12  Nevada case law. Rather than face the statutory consequences of ignoring the Writ of

13  Garnishment, Rosendin seeks refuge based on technicalities.

14  Rosendin argues that the Trust Funds' use of "may" versus "will" in the Writ of

15  Garnishment renders the Writ of Garnishment "fatally defective." (ECF No. 38 at 2:3). Rosendin

16  suggests the difference between "may" and "will" is "misleading," not stating so, but inferring

17  that Rosendin somehow chose to disregard the Writ based on this wording difference. Rosendin

18  likely does not express this position more forcefully because it is absurd. Whether expressed or

19  implied, arguing its reliance on this wording difference is disingenuous. Now, over a year after

20  being served with the Writ of Garnishment, nearly two months after being served with the notice

21  of the hearing,[4] one week prior to the hearing, and facing the outcome set forth in statute,

22

---

23  [3]  The Trust Funds note that the Court is to enter judgment for the amount of money

24  specified in the writ of garnishment. The writ of garnishment did not include a specified amount, but served simultaneously with the Writ of Garnishment was the Writ of

25  Execution indicating that the amount remaining due under the Judgment against JR was $56,737.97, accruing interest at the rate of $12.43 per day since March 1, 2011. *See* ECF

26  No.28-1 at p. 30-31.

27  [4]  The Trust Funds served Rosendin with a notice of the June 19, 2013, hearing date on April

28  18, 2013. *See* Ex. 1 (Affidavit of Service).

1  Rosendin has produced a declaration and documentation it asserts demonstrates Rosendin does

2  not owe any money to JR. Rosendin's position and argument is outside the statutory process and

3  prejudicial to the Trust Funds.

4       In addition to its argument pertaining to the use of "may" versus "will" in the Writ of

5  Garnishment, Rosendin argues the Writ is fatally flawed and prejudiced Rosendin because the

6  Writ of Garnishment did not set forth the amount of the judgment that would be rendered against

7  Rosendin in favor of JR. This ignores the fact that the Trust Funds included a copy of the Writ of

8  Execution filed on March 1, 2011 (ECF No. 14) along with the Writ of Garnishment. (*See* ECF

9  No. 28-1 at 30-31). Thus, on May 31, 2012, Rosendin was served with the Writ of Garnishment

10 that gave notice to Rosendin of the consequences of failing to respond and the Writ of Execution

11 that gave notice to Rosendin of the amount at issue should Rosendin fail to respond. (*See* footnote

12 No. 3).

13      Nevada Revised Statute 31.450, which governs the issuance of writs of

14 garnishment after judgment, as is the case here, explains that that none of these minor

15 variations impact the effectiveness of the Writ of Garnishment. Specifically, that section

16 explains that the:

17      forms of all affidavits, interrogatories, writs, answers, oaths, orders, trials,
        judgments, and other process and proceedings hereinbefore provided for
18      cases of garnishment *before* judgment, *with appropriate variations*, shall
        apply to cases of garnishment *after* judgment: and all courts shall be
19      *liberal in allowing amendments, and in construing this chapter so as to
        promote the objects thereof.*

20

21 NRS 31.450 (emphasis added). This language is meaningful in this post judgment garnishment in

22 light of the arguments Rosendin makes based on technicalities such as the use of "will" versus

23 "may" and whether the amount sought through a garnishee judgment were set forth in the Writ of

24 Garnishment  or  in  a  simultaneously-served  Writ  of  Execution.  Rendering  the  Writ  of

25 Garnishment "fatally defective" as requested by Rosendin at this time, is not in harmony with

26 construing the applicable laws liberally to promote their objectives.

27

28

BROWNSTEIN HYATT FARBER SCHRECK
100 City Parkway, Suite 1600
Las Vegas, Nevada 89106
(702) 382-2101

BROWNSTEIN HYATT FARBER SCHRECK
100 City Parkway, Suite 1600
Las Vegas, Nevada 89106
(702) 382-2101

1    Rosendin suggests that technicalities such as the use of "may" rather than "will" fail to

2    comply with a precondition of entry of a garnishee judgment and cite *Henry v. Rizzolo*, 2012 WL

3    4867725 (D. Nev. October 12, 2012) as an example case. *Rizzolo*, however, involved procedural

4    shortcomings far less trivial than the use of "may" rather than "will." In *Rizzolo*, the plaintiff

5    served a Writ of Garnishment on a garnishee, but rather than directly responding to the

6    interrogatories, the garnishee defendant filed an independent action seeking a determination

7    whether the defendant's annuity account the garnishment sought to seize was exempt from

8    execution under Nevada law. *Id*. at *1. As explained in a subsequent ruling, the garnishment case

9    was complicated by the fact that the parties did not strictly follow garnishment proceedings set

10   forth in Chapter 31 of the Nevada Revised Statutes, although the Court noted that "the resulting

11   process was substantially similar to what would have occurred" had the procedures been

12   followed. *See Henry v. Rizzolo*, 2013 WL 636734, *2, *4 (D. Nev. February 13, 2013). The

13   plaintiff's error in *Rizzolo* arose after the exemption issue was resolved in other proceedings, after

14   which the plaintiff filed a Motion for Order Permitting Seizure of the Defendant's annuity

15   account, but failed to serve it on two garnishees or the defendant. *Rizzolo*, 2012 WL 4867725, *4.

16   The plaintiff's significant error in *Rizzolo* is not comparable to the use of "may" rather

17   than "will." Moreover, the garnishee in *Rizzolo* actually responded to the Writ of Garnishment,

18   albeit in a different manner than prescribed in Chapter 31 of the Nevada Revised Statutes.

19   Rosendin never responded in any manner. Further, even though normal procedures were not

20   followed in the *Rizzolo* case, the plaintiff was still entitled to an attorneys' fees award of over

21   $25,000 against a garnishee pursuant to NRS 31.340, which allows the prevailing party in a

22   contested garnishment proceeding to an award of attorneys' fees against a garnishee. *Rizzolo*,

23   2013 WL 636734, *6; NRS 31.340.

24   Rosendin failed to respond, but does not want a garnishee judgment against it. It is far too

25   late to raise issues of technicalities, but that is exactly what Rosendin attempts. That simply is not

26   how such proceedings work.

27

28

020052\0235\10445557.1                          6

III.    **Rosendin was not prejudiced by the form of the Writ of Garnishment.**

Even if Rosendin's arguments regarding the technical requirements of Writs of Garnishment have any merit (they do not), Rosendin was not prejudiced by such technicalities. First, Rosendin was not prejudiced by the use of the word "may" rather than "will." Regardless of this wording, Rosendin had the opportunity to answer the interrogatories, contact the Trust Funds' counsel, ask for additional time to respond, seek legal advice, object to the wording in the Writ of Garnishment, or provide documentation. In contrast to these reasonable actions, Rosendin had the option to ignore the Writ of Garnishment altogether. Rosendin chose this final option. Rosendin purposely declined or negligently failed to take any other action and must now abide by the consequences.

IV.    **Information Rosendin now provides is untimely and does not absolve Rosendin.**

More than a year after being served with the Writ of Garnishment, Rosendin now provides an affidavit and copies of checks Rosendin suggests demonstrate it owes nothing to JR and that Rosendin accordingly is not subject to garnishment. Such information would have been use useful and appropriate along with timely responses to the interrogatories included in the Writ of Garnishment but it is too late now. Even if such information did prove Rosendin owes nothing (it does not) a timely response would have allowed the Trust Funds to investigate the matter and request a hearing pursuant to NRS 31.340. Then, any dispute could have been tried and judgment rendered in a manner similar to civil cases. *Frank Settelmeyer & Sons*, 197 P.3d at 1056. Instead, after significant expenditure of time and attorneys' fees, the Trust Funds are still without resolution to this matter. Further, if the Court denies the Trust Funds' Motion for Garnishee Judgment, the Trust Funds will yet be forced to suffer significant additional delay and attorneys' fees.

The Court must consider why NRS 31.320 allows a garnishee judgment to be entered against a nonresponsive garnishee in the full amount of a judgment. Naturally, if a garnishee knows it owes more to the defendant that the amount of the judgment against the defendant, the garnishee has nothing to lose by not responding to the Writ of Garnishment. The plaintiff then is

BROWNSTEIN HYATT FARBER SCHRECK
100 City Parkway, Suite 1600
Las Vegas, Nevada 89106
(702) 382-2101

1  able to collect through the garnishment at little expense. Once again, Rosendin is attempting to

2  find a different outcome. Rosendin made no effort to respond, forced the Trust Funds to suffer

3  delay and incur attorneys' fees, and the Trust Funds still have not collecting anything from

4  Rosendin pursuant to the garnishment. This is the exact opposite of the purpose behind the

5  garnishment procedures set forth in Chapter 31 of the Nevada Revised Statutes.

6       The affidavit and checks Rosendin now provides only demonstrate that Rosendin paid

7  $91,148.89 to JR between November 13, 2009, and November 2, 2010. (ECF No. 38 at 3:25-27

8  (footnote 1); Ex. 1, at 2, ¶ 4 thereto). That information does not demonstrate that Rosendin owes

9  nothing to JR. Rosendin might owe other amounts before, during, or after that time. Regardless,

10  the proper procedure for resolving this issue of amounts Rosendin owes JR would have been for

11  Rosendin to respond to the Writ of Garnishment, which would have allowed the Trust Funds to

12  pursue a trial on that issue pursuant to NRS 31.340. By not responding to the interrogatories,

13  Rosendin waived its right to such a trial.

14       Rosendin cannot avoid its obligations in this matter. It must follow the procedures for

15  disputing amounts owed set forth in Chapter 31 of Nevada Revised Statutes and reap the statutory

16  consequences of not doing so.

17  **Conclusion.**

18       Rosendin's Response is untimely and does not excuse Rosendin's failure to respond to the

19  Writ of Garnishment. The Court should not allow a garnishment defendant to ignore a writ and

20  later escape liability by finding insignificant alleged errors such as the use of the word "may"

21  rather than "will." The Trust Funds have suffered delay and incurred significant attorneys' fees in

22  the interim. Rather than ignore the Writ of Garnishment, whether it was imperfect or not,

23  Rosendin could have objected or otherwise contested it several months ago. Rosendin cannot just

24  ignore the Writ and then, a year later, claim it was fatally flawed or suggest Rosendin owes

25

26

27  / / /

28

BROWNSTEIN HYATT FARBER SCHRECK
100 City Parkway, Suite 1600
Las Vegas, Nevada 89106
(702) 382-2101

nothing. The Court should grant the Trust Funds' Motion for Garnishee Judgment for the full

amount requested, with updated interest.

Dated: June 17th, 2013.

BROWNSTEIN HYATT FARBER
SCHRECK, LLP

/s/ Bryce C. Loveland
Adam P. Segal, Esq.
Nevada Bar No. 6120
Bryce C. Loveland, Esq.
Nevada Bar No. 10132
100 North City Parkway, Suite 1600
Las Vegas, Nevada  89106
Off: (702) 382-2101
Fax: (702) 382-8135
Attorneys for Plaintiffs

BROWNSTEIN HYATT FARBER SCHRECK
100 City Parkway, Suite 1600
Las Vegas, Nevada 89106
(702) 382-2101

020052\0235\10445557.1

9

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b), I certify that I am an employee of Brownstein Hyatt Farber Schreck, LLP and that on this 17th day of June, 2013, I served a true copy of the foregoing **REPLY IN SUPPORT OF GARNISHEE JUDGMENT AGAINST ROSENDIN ELECTRIC, INC.** upon:

> Georlen K. Spangler, Esq.
> Matthew T. Dushoff, Esq.
> Kolesar & Leatham
> 400 South Rampart Boulevard, Suite 400
> Las Vegas, NV 89145

☒  a.  **BY U.S. MAIL.** I deposited such envelope in the mail at Las Vegas, Nevada.

☒  b.  **BY CM/ECF SYSTEM**

**I declare under penalty of perjury that the foregoing is true and correct.**

*/s/ Christina Neely*
An employee of Brownstein Hyatt Farber Schreck, LLP

BROWNSTEIN HYATT FARBER SCHRECK
100 City Parkway, Suite 1600
Las Vegas, Nevada 89106
(702) 382-2101

020052\0235\10445557.1                    10

# EXHIBIT 1

1  AFFT
Brownstein Hyatt Farber Schreck, LLP
2  Bryce C. Loveland, Esq.
3  100 North City Pkwy., #1600
Las Vegas , NV 89106
4  State Bar No.:  10132
Attorney(s) for:  Plaintiff(s)
5

Legal Process Service 105 Mary Street Reno, Nevada 89509

6
7

**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

8

9  Trustees of the Construction Industry and Laborers Health and Welfare
10  Trust, et al.
                              vs                              *Plaintiff(s)*
11

Case No.:
2:09-CV-01897-RDJ-RJJ
Date:  June 19, 2013
Time:  1:30 pm

12
13  JR Concrete Cutting, Inc., a Nevada corporation, et al.
                                          *Defendant(s)*
14

**AFFIDAVIT OF SERVICE**

15  I, **Edward  Croker III**, being duly sworn deposes and says: That at all times herein affiant was and is a citizen of the
16  United States, over 18 years of age, licensed to serve civil process in the State of Nevada under license #604, and
17  not a party to or interested in the proceeding in which this affidavit is made.  The affiant received **1** copy(ies) of the:
18  **Order** on the **17th** day of **April, 2013** and served the same on the **18th** day of **April, 2013** at **1:10PM** by serving the
19  **Garnishee,    Rosendin Electric, Inc.**  by personally delivering and leaving a copy at **Registered Agent: The**
20  **Corporation Trust Company of Nevada, 311 South Division Street, Carson City, Nevada 89703** with **Alena**
21  **Duggan, Administrative Assistant**  pursuant to NRS 14.020 as a person of suitable age and discretion at the
22  above address, which address is the address of the registered agent as shown on the current certificate of
23  designation filed with the Secretary of State.

24
25
26
27
28
29



**KELLY DANNAN**
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No. 11-5714-2 - Expires September 23, 2015

30
31
32
33  State of Nevada, County of __Washoe__
34  SUBSCRIBED AND SWORN to before me on this
35  __19th__ day of ___April___  2013
36
Notary Public  Kelly Dannan

Affiant **Edward  Croker III**          #: R-065145
**Legal Process Service**    License # 604
WorkOrderNo **1303201**