GEORLEN K. SPANGLER, ESQ.
Nevada Bar No. 003818
MATTHEW T. DUSHOFF, ESQ.
Nevada Bar No. 004975
**KOLESAR & LEATHAM**
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Telephone: (702) 362-7800
Facsimile: (702) 362-9472
E-Mail: gspangler@klnevada.com
mdushoff@klnevada.com

Attorneys for Third-Party Garnishee
ROSENDIN ELECTRIC, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST; TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS JOINT PENSION TRUST; TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS VACATION TRUST; AND TRUSTEES OF THE SOUTHERN NEVADA LABORERS LOCAL 872 TRAINING TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>JR CONCRETE CUTTING, INC., a Nevada corporation; and EDITH RICHELLE HERRERA, an individual,<br><br>Defendants. | CASE NO. 2:09-cv-01897-RDJ-RJJ<br><br>**AMENDED ORDER DENYING PLAINTIFFS' MOTION FOR GARNISHEE JUDGMENT AGAINST ROSENDIN ELECTRIC, INC.** |

THIS MATTER having come on for hearing on June 19, 2013 on Plaintiffs Trustees of the Construction Industry and Laborers Health and Welfare Trust, Trustees of the Construction Industry and Laborers Joint Pension Trust, Trustees of the Construction Industry and Laborers Vacation Trust, and Trustees of the Southern Nevada Laborers Local 872 Training Trust (collectively "Plaintiffs") Motion for Garnishee Judgment Against Rosendin Electric, Inc. ("Motion") [Dkt. 28], Ryan C. Curtis, Esq. of Brownstein Hyatt Farber Schreck appeared on

behalf of Plaintiffs and Georlen K. Spangler, Esq. of Kolesar & Leatham having appeared on behalf of Third-Party Garnishee, Rosendin Electric, Inc. ("Rosendin"), and the Court having received and reviewed the Motion, Rosendin's Opposition, and the Plaintiffs' Reply, and having heard the arguments of counsel and being fully advised in the premises, and good cause appearing therefore, the Court finds as follows:

1. The Plaintiffs' Motion for Garnishee Judgment against Rosendin Electric, Inc. is hereby DENIED.

2. Rosendin shall have ten (10) days from the date of this Order within which to answer the Garnishment Interrogatories.

3. Rosendin shall provide two (2) answers to the Garnishment Interrogatories: one set shall be responsive to conditions that existed on May 31, 2012, the date the Writ of Garnishment was served; and one set shall be responsive to conditions that exist as of the date that the Garnishment Interrogatories are signed. The answers shall be served upon the Plaintiffs' counsel directly instead of through the U.S. Marshall's office and a copy of the answers shall be filed with the Court. If any monies are found to be owing to JR Concrete, as evidenced by the answers, Rosendin shall pay those monies to the Plaintiff without need of any further proceedings.

Dated this 12th day of July, 2013.

_____
UNITED STATES DISTRICT JUDGE

Respectfully submitted:

By: /s/ Georlen K. Spangler
GEORLEN K. SPANGLER, ESQ.
Nevada Bar No. 003818
MATTHEW T. DUSHOFF, ESQ.
Nevada Bar No. 004975
400 South Rampart Blvd., Suite 400
Las Vegas, Nevada 89145

Attorneys for ROSENDIN ELECTRIC, INC.